Quillie L. HARVEY, Jr.,
Plaintiff–Appellant,

v.

Arnold SCHWARZENEGGER; et al., Defendants–Appellees.

No. 10–15208.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 15, 2011.*

Filed March 4, 2011.

Quillie L. Harvey, Jr., Wasco, CA, pro se.

Kenneth T. Roost, Esquire, AGCA–Office of the California Attorney General, San Francisco, CA, for Defendants–Appellees.

Before: CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

---

* The Honorable Richard Mills, Senior United States District Judge for the Central District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is

## MEMORANDUM [**]

California state prisoner Quillie L. Harvey, Jr. appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Wyatt v. Terhune,* 315 F.3d 1108, 1117 (9th Cir.2003). We affirm.

The district court properly dismissed Harvey's deliberate indifference claim against defendants Mendez, Rodriguez, and Ippolito because Harvey did not properly exhaust administrative remedies before filing his complaint in federal court, and failed to show that administrative remedies were effectively unavailable to him. *See Woodford v. Ngo,* 548 U.S. 81, 90, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (explaining that "proper exhaustion" requires adherence to administrative procedural rules); *see also Sapp v. Kimbrell,* 623 F.3d 813, 823 (9th Cir.2010) (exhaustion is not required where administrative remedies are "effectively unavailable" because of improper screening of grievances).

Harvey's remaining contentions are unpersuasive.

**AFFIRMED.**

---

suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.